UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-P64-H
CRIMINAL ACTION NO. 3:02CR-20-H

TIMOTHY L. DOBBINS                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                        RESPONDENT/PLAINTIFF

## MEMORANDUM AND ORDER

Movant Timothy L. Dobbins filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DN 1).  The motion is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.  The only paragraph applicable to the facts alleged is the first paragraph.

Because Dobbins alleges no impediment created by the government, § 2255 ¶6(2), no right newly recognized by the Supreme Court, § 2255 ¶6(3), or no newly discovered evidence, § 2255 ¶6(4), the one-year period of limitations began to run on the date on which Dobbins's judgment of conviction became final. § 2255 ¶6(1). Dobbins' judgment of conviction was entered by this Court on July 10, 2003, *see* Criminal Action No. 3:02CR-20-H, DN 137, and Dobbins filed an appeal. *Id.* at DN 139. By order entered October 13, 2004, the Sixth Circuit affirmed Dobbins's conviction, *see* Appellate Case No. 03-5943, and on November 5, 2004, the Sixth Circuit issued its mandate. *Id.* Dobbins did not file a petition for writ of certiorari with the United States Supreme Court.

"[F]or federal criminal defendants who do not file a petition for certiorari with th[e Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Under Supreme Court Rule 13(1), "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." The Sixth Circuit entered its judgment affirming Dobbins's conviction on October 13, 2004, and the ninety days in which to file a petition for writ of certiorari expired 90 days later on January 11, 2005.[1] In order for Dobbins's § 2255 motion to have been timely, he must have filed it during the one-year period beginning January 11, 2005, and ending January 11, 2006.

---

[1] Although the Sixth Circuit did not issue its mandate until November 5, 2004, Supreme Court Rule 13(3) explicitly provides that "[t]he time to file a petition for writ of certiorari *runs from the date of the entry of the judgment or order* sought to be reviewed, and not from the issuance date of the mandate." (emphasis added).

Since Dobbins did not file the instant § 2255 motion until February 2, 2006,[2] the instant action is time barred under the statute, and Dobbins does not allege any circumstances appropriate for applying the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Before dismissing the action as time barred, however, the Court will provide Dobbins with an opportunity to respond. *Day v. McDonough*, --- S.Ct. --- , 2006 WL 1071410 (U.S. Apr. 25, 2006) (No. 04-1324) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Order, Dobbins must show cause why the § 2255 motion to vacate, set aside, or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.

Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc: Movant, *pro se*
4412.005

---

[2] Under the mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Absent evidence to the contrary, the Court presumes that the movant deposited his § 2255 motion in the prison mail system on February 2, 2006, the date he signed the motion.